# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,                                  1:07cv1530 OWW DLB

              Plaintiff,         FINDINGS AND RECOMMENDATION
                                                 REGARDING DISMISSAL OF ACTION

    v.

WARDEN HEDGPETH, et al.,

              Defendants.

_____/

Plaintiff James E. Smith ("Plaintiff") is a state prisoner proceeding pro se in this action filed on October 22, 2007.  Plaintiff's complaint concerns an allegedly incorrect charge to his prison trust account for eyeglasses.

On October 31, 2007, the Court issued an order finding Plaintiff ineligible to proceed in forma pauperis and requiring him to pay the $350.00 filing fee.

On January 17, 2008, the Court granted Plaintiff an additional thirty (30) days to pay the filing fee pursuant to the October 31, 2007, order.

Instead of submitting the filing fee, which he contends he has "no problem" with, Plaintiff submitted a "motion to proceed on the merits" on February 13, 2008.  In this filing, he states that Defendants refuse to disclose the amount of money in his account.  In a new allegation, he contends that he is being denied medical treatment and care for kidney stones and heart problems.  Based on this, Plaintiff believes that he is in imminent danger of serious harm.

Plaintiff's newest allegations appear to be another attempt to circumvent the Court's October 31, 2007, ruling that he is ineligible to proceed in forma pauperis.  However, as with his

1

1  previous attempts, his allegations do not create a "plausible allegation that [he] faced 'imminent

2  danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047,

3  1055 (9th Cir. 2007).  To the contrary, his claims demonstrate that he is willing to allege

4  anything in an attempt to continue his frivolous filings.

5      Plaintiff has failed to pay the filing fee pursuant to the Court's January 17, 2008, order

6  extending time.

7                                          **DISCUSSION**

8      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

9  Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

10 and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

11 power to control their dockets and "in the exercise of that power, they may impose sanctions

12 including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

13 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

14 failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

15 See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

16 local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

17 comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

18 41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to

19 keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

20 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

21 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

22 rules).

23     In determining whether to dismiss an action for lack of prosecution, failure to obey a

24 court order, or failure to comply with local rules, the court must consider several factors: (1) the

25 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

26 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

27 their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;

28 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

1  46 F.3d at 53.

2      In the instant case, the Court finds that the public's interest in expeditiously resolving this

3  litigation and the court's interest in managing the docket weigh in favor of dismissal.  This case

4  has been pending since October 22, 2007.  The third factor, risk of prejudice to defendants, also

5  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

6  unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

7  1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

8  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a

9  party that his failure to obey the court's order will result in dismissal satisfies the "consideration

10  of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;

11  Henderson, 779 F.2d at 1424.  The Court's January 17, 2008, order granting Plaintiff an

12  extension of time vacating the findings and recommendation and granting Plaintiff additional

13  time expressly stated, in bold, that failure to comply with the order would result in a

14  recommendation that the action be dismissed.  Thus, Plaintiff had adequate warning that

15  dismissal would result from non-compliance with the Court's order(s).

## RECOMMENDATION

17      Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's

18  failure to follow the Court's order.  The Court further RECOMMENDS that all pending motions

19  be DENIED AS MOOT.

20      These Findings and Recommendations are submitted to the Honorable Oliver W.

21  Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C.

22  § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

23  Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any

24  party may file written objections with the court and serve a copy on all parties.  Such a document

25  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

26  Replies to the objections shall be served and filed within ten (10) court days (plus three days if

27  served by mail) after service of the objections.  The Court will then review the Magistrate

28  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4      IT IS SO ORDERED.

5  **Dated:**   **February 25, 2008**                    _____/s/ **Dennis L. Beck**_____
                                                         UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28